**FILED**
**CLERK**

10/20/2016 11:53 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
CAROL ARNOLD,

                        Plaintiff,

            -against-

THE RESEARCH FOUNDATION FOR THE STATE
UNIVERSITY OF NEW YORK,

                       Defendant.
--------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
15-cv-05971 (ADS) (SIL)

**APPEARANCES:**

**Romano & Associates**
*Attorneys for the Plaintiff*
400 Garden City Plaza
Suite 432
Garden City, NY 11530
      By: Michael Joseph Romano, Esq., Of Counsel

**Amanda A. Maleszweski**
*Corporate Counsel for the Defendant*
35 State Street
Albany, NY 12207

**Dowling Law, PLLC**
*Attorneys for the Defendant*
12 Second Avenue
Rensselaer, NY 12144
      By: Joanmarie Dowling, Esq., Of Counsel

**SPATT, District Judge**.

      This case arises from allegations by the Plaintiff Carol Arnold (the "Plaintiff") that her

employer, the Defendant, the Research Foundation for the State University of New York (the

"Defendant RFSUNY") discriminated against her in violation of the Family Medical Leave Act,

29 U.S.C. § 2601 (the "FMLA"), and the New York State Human Rights Law, N.Y. EXEC. LAW §

296 (the "NYSHRL").  Presently before the Court is a motion by the Plaintiff, pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 15(a)(2) to amend her complaint to add seven additional party defendants; to modify one of her claims; and to add five more claims.  For the following reasons, her motion is granted in part and denied in part.

## I. BACKGROUND

### A.  The Alleged Facts

#### 1)  The Alleged Facts from the Original Complaint

The Plaintiff is a resident of Suffolk County in New York State.  (Compl. at ¶ 4.)  In August 2003, the Defendant RFSUNY hired the Plaintiff as a full-time temporary worker.  (Id. at ¶ 6.) The Defendant RFSUNY is a 501(c)(3) non-profit educational domestic corporation that employs more than fifty (50) individuals.  (Id. at ¶ 5).  In November of 2003, the Defendant RFSUNY hired the Plaintiff to a full-time permanent position, and promoted her a year later in November of 2004. (Id. at ¶¶ 7, 9).  The Plaintiff alleges that at all relevant times, she was an exemplary employee and received performance evaluations that rated her no less than "good".  (Id. at ¶ 10).

On October 8, 2013, the Plaintiff suffered a fractured/dislocated hip when she fell in her home and her injury required total hip replacement surgery.  (Id. at ¶¶ 12, 13).  The Plaintiff underwent surgery the next day on October 9, 2013, and took short-term disability leave from her employment from October 9, 2013 through December 27, 2013.  (Id. at ¶¶ 13, 14).  When the Plaintiff returned to work on December 27, 2013, she alleges that her manager Sheila Routh ("Routh") required her to work a reduced thirty (30) hour work week, despite the fact that it was neither desired by the Plaintiff nor was it medically required.  (Id. at ¶ 16.)  Although the complaint does not state when, the Plaintiff alleges that after she returned to work, she developed complications that caused her chronic pain and affected her ability to "bend[], lift[], think[],

2

mov[e], and walk[].” (Id. at ¶¶ 17–19). The Plaintiff, at her doctor's direction, therefore requested

to take leave under the Family Medical Leave Act so that she could care for herself. (Id. at ¶ 20).

The Defendant RFSUNY received the FMLA application on October 15, 2014, and sent a

letter to the Plaintiff on October 21, 2014, stating that her FMLA request was denied. (Id. at ¶¶

22, 23). On October 30, 2014, the Plaintiff met with Steve Yamond (“Yamond”), a representative

of the Defendant RFSUNY's Human Resources Department who gave her a letter advising her of

her immediate termination. (Id. at ¶¶ 24–26). Yamond asked the Plaintiff for her identification

and keys, and allegedly neither he nor the letter informed her why she had been terminated.

The Plaintiff commenced this action by filing a complaint on October 16, 2015. In the

original complaint, the Plaintiff alleged four causes of action. The two claims made under the

FMLA allege failure to provide leave and retaliation. The other two claims made under the

NYSHRL allege disability discrimination and failure to provide accommodation or engage in

interactive process. The original complaint did not incorporate any exhibits either explicitly or by

reference.

### 2) The Alleged Facts from the Proposed Amended Complaint

In support of the instant motion for leave to amend, the Plaintiff submitted a proposed

amended complaint (“PAC”) for the Court's review. The PAC seeks to add the following

individuals to the action as additional party defendants: Yamond, Routh, Cynthia Traub (“Traub”),

Kristen Blandi (“Blandi”), Kathleen Green (“Green”), Rene Curry (“Curry”), and Clara Pereira

(“Pereira”) (collectively, the “proposed individual defendants”). Each of the proposed individual

defendants worked for the Defendant RFSUNY during the relevant period. The PAC includes the

following additional facts.

3

When the Plaintiff returned to work after her surgery, she allegedly needed to use handicapped accessible restrooms. (PAC at ¶ 39). The Defendant RFSUNY permitted students who were not handicapped to use restrooms that were designated for handicapped people, and it made it "impossible for [the Plaintiff] to use the restroom at times." (Id.). Traub, Routh, Curry and Pereira made disparaging comments about the Plaintiff's use of the handicapped bathroom; the duration of the Plaintiff's use of the bathroom; her use of a cane; and her use of the freight elevator. (Id. at ¶¶ 42–44). The Defendant RFSUNY also requested that the Plaintiff return her freight elevator key, which other employees were permitted to keep. (Id. at ¶ 45). Traub allegedly prevented the Plaintiff from making coffee, and also took cigarette breaks at the end of the day forcing the Plaintiff to leave later than she desired. (Id. at ¶ 41).

On September 30, 2014, the Plaintiff's neurologist Dr. Kowalska recommended that the Plaintiff take a leave from work because of the complications from her surgery. (Id. at ¶ 28). The Plaintiff emailed Routh after speaking with her, requesting leave under the FMLA. (Id.). Routh never responded in any way to the email. (Id.). After the Defendant RFSUNY received the Plaintiff's FMLA application, Blandi "issued multiple documents with incorrect date(s) of leave and other information." (Id. at ¶ 32). Blandi and Yamond did not provide the Plaintiff with any information about medical benefits despite her requests. (Id. at ¶ 46.)

After the Defendant RFSUNY terminated the Plaintiff, the proposed individual defendants "prohibited her from recovering her personal items[,] including but not limited to, gloves and a chair cushion." (Id. at ¶ 40). The Plaintiff further alleges that someone went through her desk; that Green removed the personal items listed above; and that the Plaintiff's cushion, gloves, and miscellaneous papers were missing. (Id. at ¶ 40). The Plaintiff further alleges that the Defendant RFSUNY has not yet informed her why it terminated her. (Id. at ¶ 38.). Although there is reference

in the causes of action that "[the Plaintiff] was the oldest person in her position", (Id. at ¶ 91), the description of facts does not state how old the Plaintiff was, but instead states that "she was the longest employee in that position". (Id. at ¶ 47). The Court reviewed the exhibits listed below and found her date of birth listed on one of the documents. (Pl. Ex. C). The Plaintiff was sixty-two (62) years old when she was terminated.

The Plaintiff provided four exhibits in support of her motion to amend: an email sent to the Plaintiff on December 3, 2013, referencing her return to work and prior FMLA leave; a letter sent from Blandi to the Plaintiff on October 2, 2014, concerning the Plaintiff's request for leave under the FMLA; a disability benefits claim form for the period beginning September 30, 2014, with the Plaintiff's physician's purported signature; a letter sent from Blandi to the Plaintiff on October 21, 2014, informing her that her request for leave under the FMLA was denied; the Department of Labor FMLA form that states that on October 21, 2014, the Plaintiff's FMLA leave was denied; and a letter from Yamond informing the Plaintiff that as of October 30, 2014 her employment with Defendant RFSUNY was terminated. Each of the exhibits are referenced in the PAC.

The PAC alleges nine causes of action. The second, fourth and fifth causes of action in the PAC are identical to the second, third and fourth causes of action in the original complaint—retaliation under the FMLA and disability discrimination and failure to accommodate under the NYSHRL. The PAC differs from the original complaint in that it seeks to: modify the first cause of action under the FMLA from one of failure to provide leave to one of discrimination; add an additional cause of action under the FMLA alleging interference; add two additional causes of action under the NYSHRL for hostile work environment and age discrimination; add a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") alleging a hostile work environment; and add a claim under 29 U.S.C. § 623, the Age Discrimination in Employment

Act ("the ADEA") alleging age discrimination. The PAC is not clear in stating which causes of action are alleged against which defendants. However, only the hostile work environment claims under Title VII and the NYSHRL are alleged against "the defendants", (PAC at ¶¶ 83, 89), and so the Court will interpret that to mean that those two causes of action are brought against the proposed individual defendants and the Defendant RFSUNY. The Defendant RFSUNY assumed the same, (Def. Mem. at 5), and the Plaintiff did not take issue with that assumption in her reply memorandum.

## B.  Procedural History

The Plaintiff initiated this action against the Defendant RFSUNY on October 16, 2015 with the filing of a complaint. The Defendant RFSUNY answered the complaint on December 11, 2015. The parties held an initial conference before Magistrate Judge Steven I. Locke on January 22, 2016, and the end date for all fact discovery was originally set for May 6, 2016. However, discovery was stayed by Magistrate Judge Steven I. Locke on May 4, 2016, due to the instant motion.

On March 7, 2016, the Plaintiff filed her motion to amend the complaint. Plaintiff argues that the Court should allow her to amend her complaint because 1) the standard for amending motions is permissive and 2) the new claims and the new defendants are viable.

The Defendant RFSUNY filed their memorandum in opposition on March 21, 2016. The Defendant argues that the Court should deny the Plaintiff's motion to amend because 1) the motion was unreasonably delayed; 2) the motion was made in bad faith; 3) the motion would be futile, and 4) assuming that the Court finds that the federal law claims are futile, the Court should decline jurisdiction over the state law claims. In support of its memorandum of law, the Defendant RFSUNY submitted several items: an affirmation stating its version of the facts; the Defendant

RFSUNY's request for the Plaintiff's admissions; a notice of FMLA eligibility sent to the Plaintiff on October 15, 2013; a certification of the Plaintiff's serious health condition purportedly completed by Doctor Khan on October 24, 2013; an FMLA Designation Notice granting the Plaintiff's FMLA leave on October 28, 2013; the Plaintiff's request for leave from October 2, 2014; a Notice of Eligibility and Rights & Responsibilities under the FMLA sent from Blandi to the Plaintiff on October 2, 2014; a certification of the Plaintiff's serious health condition purportedly completed by Doctor Kowalska in October of 2014; a notice and proof of claim for disability benefits signed by the Plaintiff on October 2, 2014; a letter sent from Blandi to the Plaintiff on October 21, 2014, informing her that her request for FMLA leave was denied; the Department of Labor FMLA form that states that on October 21, 2014, the Plaintiff's FMLA leave was denied; a letter from Yamond informing the Plaintiff that as of October 30, 2014 her employment with Defendant RFSUNY was terminated; and the Plaintiff's response to the Defendant RFSUNY's first set of requests for admissions, including her attachments.

## II. DISCUSSION

### A. Legal Standard

FED. R. CIV. P. 15(a)(2) applies to motions to amend the pleadings once the time for amending a pleading as a matter of right has expired. It states in pertinent part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have construed the rule liberally and have said that "the purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim." Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp., No. 12-CV-4849 ENV CLP, 2013 WL 6795963, at *2 (E.D.N.Y. Dec. 23, 2013) (quoting Chapman v. YMCA of Greater Buffalo, 161 F.R.D. 21, 24 (W.D.N.Y. 1995)); see also

Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011) (finding a "strong preference for resolving disputes on the merits").

"In deciding whether to permit the addition of defendants, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.' " Henriquez v. Kelco Landscaping Inc., 299 F.R.D. 376, 379 (E.D.N.Y. 2014) (Spatt, J.) (quoting Fair Hous. Dev. Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)).

A court should deny leave to amend "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the nonmoving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (per curiam).

"The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." Fariello v. Campbell, 860 F.Supp. 54, 70 (E.D.N.Y. 1994); see also European Cmty. v. RJR Nabisco, Inc., 150 F.Supp.2d 456, 502–03 (E.D.N.Y. 2001); Saxholm AS v. Dynal, Inc., 938 F.Supp. 120, 123 (E.D.N.Y. 1996). The opposing party likewise bears the burden of establishing that an amendment would be futile. See Blaskiewicz v. County of Suffolk, 29 F.Supp.2d 134, 137–8 (E.D.N.Y. 1998) (citing Harrison v. NBD Inc., 990 F.Supp. 179, 185 (E.D.N.Y. 1998)).

## B. Application to Facts

### 1) As to the Delay of the Motion to Amend and the Resulting Prejudice to the Defendant RFSUNY

The Defendant RFSUNY argues that the Plaintiff had all of the relevant facts necessary to plead these claims, and that if the Court now permits the Plaintiff to amend it will result in

unnecessary delays. Although this may be true, it is not a reason for the Court to deny the motion to amend.

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000) (affirming grant of motion to amend after seven-year delay, where defendant did not show prejudice). "The concepts of delay and undue prejudice are interrelated—the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983).

Here, the Plaintiff filed the motion to amend six months after the Complaint was filed. As the Court explains below, the Court does not find that the Plaintiff has acted in bad faith. As the Defendant RFSUNY admits, the parties have not even begun to take depositions. (Def. Mem. at 7). The only prejudice that the Defendant RFSUNY can point to is that "the [defendant RFSUNY] is in a position to file for summary judgment . . . . [and] discovery would come to a halt. (Def. Mem. At 7–8). Although there is some prejudice to the Defendant RFSUNY, it is insufficient to deny the Plaintiff's motion to amend. See, e. g., State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (stating that there was insufficient prejudice where the defendant had not filed for summary judgment, a trial date had not been set, and the amendment would not involve a great deal of additional discovery); Ruotolo v. City of N.Y., 514 F.3d 184, 192 (2d Cir. 2008) ("Undue prejudice arises when an amendment comes on the eve of trial and would result in new problems of proof").

Accordingly, the Court does not find that the Plaintiff's delay in moving to amend her complaint resulted in sufficient prejudice to the Defendant RFSUNY to deny the Plaintiff's motion.

### 2) As to the Bad Faith of the Plaintiff's Motion to Amend

The Defendant RFSUNY further claims that the Plaintiff acted in bad faith by moving to amend the complaint because the PAC conflicts "with admissions that [the] Plaintiff has already made." (Def. Mem. At 8). The Court does not consider evidence outside that which is either explicitly included or incorporated by reference to either the complaint or PAC, and declines to find that the Plaintiff acted in bad faith.

The Defendant RFSUNY attached several affirmations and exhibits in support of its contention that the Plaintiff's statements were made in bad faith, and their argument relies completely on documents outside of the four corners of the PAC. In deciding a motion to amend, the Court accepts the factual allegations in the PAC as true, and does not consider any exhibits outside of those included or incorporated by reference in the complaint or the PAC. See Associated Mortg. Bankers, Inc. v. Calcon Mut. Mortg. LLC, 159 F. Supp. 3d 324, 331 (E.D.N.Y. 2016) (Spatt, J.) ("A court must accept all allegations in the proposed amended complaint as true and draw all reasonable inferences in the plaintiff's favor") (quoting Pension Committee of University of Montreal Pension Plan v. Banc of America Securities LLC, 568 F.3d 374, 381 (2d Cir. 2009); Henneberry v. Sumitomo Corp. of America, 415 F.Supp.2d 423, 433 (S.D.N.Y. 2006) ("In considering a motion for leave to amend, the court must accept as true all of the proposed complaint's factual allegations, and draw all reasonable inferences in favor of plaintiff"); see also Nettis v. Levitt, 241 F.3d 186, 194 n. 4 (2d Cir. 2001) (stating that motions to amend are adjudicated without resort to outside evidence); Cano v. DPNY, Inc., 287 F.R.D. 251, 257

(S.D.N.Y. 2012) (declining to consider affidavits and other outside evidence submitted by proposed defendants in opposition to the plaintiff's motion to amend); Dipace v. Goord, 308 F.Supp.2d 274, 278 (S.D.N.Y. 2004) ("Normally, a motion for leave to amend is adjudicated without resort to any outside evidence"); Durabla Manufacturing Co. v. Goodyear Tire and Rubber Co., 992 F.Supp. 657, 661 n. 4 (S.D.N.Y. 1998) ("The Court declines to consider the deposition testimony submitted by defendants in opposition to plaintiff's motion for leave to amend the Complaint").

Therefore, the Court declines to consider the numerous exhibits provided by the Defendant RFSUNY that are not referenced or incorporated in the PAC. Since the Defendant RFSUNY cannot point to any evidence of bad faith from the complaint, PAC, or the documents incorporated in them by reference, the Court does not find that the Plaintiff acted in bad faith.

**3) As to the Futility of the Plaintiff's Motion to Amend**

Proposed amendments are futile when they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015) (quoting Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012)).

Under the Bell Atlantic v. Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

### a) As to the Futility of the Plaintiff's FMLA Claims

Plaintiff seeks to modify her first cause of action under the FMLA from one of failure to provide leave to one of discrimination, and she further seeks to add a cause of action under the FMLA alleging interference. The Defendant RFSUNY argues that the Plaintiff's FMLA claims fail because of her own admissions. As discussed above, the Court declines to consider the Plaintiff's admissions. The Court nonetheless finds that the discrimination claim would be futile, but finds that the intervention claim would not.

The FMLA grants eligible employees the right "to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). To ensure the availability of these rights, the FMLA makes it illegal for employers to: (1) "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the FMLA; or (2) "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. Id. § 2615(a).

### i) As to the Futility of the Plaintiff's FMLA Discrimination Claim

The Court finds that Plaintiff's motion to amend her complaint to add an FMLA discrimination claim is futile because it would be duplicative of her retaliation claim in the original complaint. The Second Circuit recognizes two types of claims under the FMLA—and only two

types of claims—interference and retaliation. <u>Smith v. Westchester Cty.</u>, 769 F. Supp. 2d 448, 463 (S.D.N.Y. 2011) (citing <u>Potenza v. City of N.Y.</u>, 365 F.3d 165, 168 (2d Cir. 2004) (per curiam)); <u>Di Giovanna v. Beth Israel Med. Ctr.</u>, 651 F. Supp. 2d 193, 199 (S.D.N.Y. 2009) (same).

Accordingly, the Plaintiff's motion to amend her complaint to modify the first cause of action under the FMLA is denied because it would be duplicative and is therefore futile.

### ii) As to the Futility of the Plaintiff's FMLA Interference Claim

To prevail on an FMLA interference claim, a plaintiff must establish: "1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." <u>Graziadio v. Culinary Inst. of Am.</u>, 817 F.3d 415, 424 (2d Cir. 2016)

The Defendant RFSUNY's only arguments against the addition of the interference claim rely on the documents mentioned earlier. As stated above, the Court declines to consider those documents and reviews only the PAC and incorporated documents to decide on the proposed amendment's futility.

The Court finds that the proposed additional FMLA interference claim would not be futile. Accepting the allegations as true, the Plaintiff had worked more than 1250 hours during the previous 12-month period when she filed for FMLA leave in October 2014; 29 U.S.C. § 2611(2)(A); (PAC at ¶ 29); the Defendant RFSUNY employs 50 or more employees for each working day; 29 U.S.C. § 2611(4)(A)(i); (PAC at ¶ 5); the Plaintiff suffered a serious health condition that would have precluded her from performing her job; (PAC at ¶¶ 27, 28); she notified the Defendant RFSUNY of her intention to take leave; (PAC at ¶ 31); and the Defendant RFSUNY terminated her instead of granting her leave. (PAC at ¶¶ 36, 37).

Accordingly, the Court finds that the Plaintiff's motion to amend her complaint to add an FMLA interference claim would not be futile and her motion in this regard is granted.

### b) As to the Futility of Plaintiff' Title VII and the ADEA claims

The Plaintiff seeks to add causes of action for a hostile work environment under Title VII and age discrimination under the ADEA. The Defendant RFSUNY argues that the Plaintiff failed to exhaust her remedies because she did not file a complaint with the United States Equal Employment Opportunity Commission (the "EEOC") and has therefore waived her Title VII, ADA and ADEA claims; that Title VII, the ADA and the ADEA do not provide for individual liability; that age and disability are not protected traits under Title VII; and that the Plaintiff has failed to sufficiently plead these claims. At this point the Court should note that although the Defendant RFSUNY often references the Americans with Disabilities Act, (the "ADA"), the Plaintiff never alleges any cause of action under the ADA nor does she even mention it in any of her filings. Nevertheless, the Court agrees with the Defendant RFSUNY that the Plaintiff has failed to exhaust her administrative remedies. Therefore, the Court denies the Plaintiff's motion to add claims under Title VII and the ADEA, and does not address Defendant RFSUNY's further arguments.

### i) As to the Plaintiff's Exhaustion of Her Administrative Remedies and Resulting Waiver of Her Title VII and ADEA Claims

"Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court." Tanvir v. New York City Health & Hospitals Corp., 480 F. App'x. 620, 621 (2d Cir. 2012) (summary order) (quoting Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001)).

Under Title VII, a private action only becomes available after an individual exhausts administrative remedies with the EEOC. See 42 U.S.C. § 2000e-5(b). The statute also imposes a time limitation: "A claim must generally be filed within 180 days after the alleged discriminatory practice," but that window is extended to 300 days if "the practice occurs in a State that has laws" and administrative enforcement mechanisms that target "the [same] sort of discrimination plaintiff alleges." Dezaio v. Port Auth. of N.Y. & N.J., 205 F.3d 62, 64 (2d Cir. 2000); see also 42 U.S.C. § 2000e-5(e)(1). For instance, in New York State, a plaintiff may also file with the state equivalent of the EEOC. See Daniels v. Niagara Mohawk Power Corp., No. 04-CV-0734S, 2007 WL 925759, at *2 (W.D.N.Y. Mar. 26, 2007); Sworn v. W. New York Children's Psychiatric Ctr., 269 F. Supp. 2d 152, 158 (W.D.N.Y. 2003). If the EEOC declines to pursue the claim, the individual has the right to bring a private action based on the same allegations, but only if the action is initiated within 90 days of receiving the EEOC's Dismissal and Notice of Rights. 42 U.S.C. § 2000e-5(f)(1).

Although a plaintiff is not required to explicitly plead or demonstrate exhaustion at the pleading stage, DiPetto v. U.S. Postal Serv., 383 F .App'x. 102, 104 (2d Cir. 2010) (summary order), a court should nonetheless grant a motion to dismiss pursuant to 12(b)(6) for failure to exhaust if it is clear from the face of the complaint that a plaintiff has not exhausted their remedies. Jordan v. Forfeiture Support Associates, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013); McCoy v. Goord, 255 F.Supp.2d 233, 251 (S.D.N.Y. 2003); see also Francis v. City of New York, 235 F.3d 763, 768–69 (2d Cir. 2000) (stating that administrative exhaustion is not a jurisdictional prerequisite for Title VII and ADA claims, but it is a precondition to bringing suit).

The cases the Plaintiff cites in support of not having filed an EEOC claim in her reply memorandum stand for the proposition that a plaintiff must first exhaust their remedies through the EEOC. See Brown v. Coach Stores, Inc., 163 F.3d 706, 712 (2d Cir. 1998) (stating that

although the plaintiff did not allege disparate impact in her EEOC claim, the district court had jurisdiction over the claim nonetheless because it was reasonably related); Butts v. City of N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684 (2d Cir. 1998) ("A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is reasonably related to that alleged in the EEOC charge").

Therefore, the Court finds that the Plaintiff has not exhausted her administrative remedies and denies the Plaintiff's motion to amend her complaint to add claims under Title VII and the ADEA because they would be futile.

### c) As to the Futility of the Plaintiff's Additional NYSHRL Claims

Plaintiff seeks to add two causes of action under the NYSHRL: alleging that the Defendant RFSUNY discriminated against her because of her age; and alleging that the proposed individual defendants and the Defendant RFSUNY created a hostile work environment for her because of her age and her disability. The Defendant RFSUNY argues that the claims would be futile because the Plaintiff fails to allege that her age was the but for cause of her termination; that disability is not a cognizable class upon which to allege a hostile work environment; that the Plaintiff fails to allege that the proposed individual defendants were aiders or abettors; and that she fails to satisfy basic pleading standards for her claims. The Court agrees that the Plaintiff fails to plead that age was the but for cause of adverse employment action, and that her age discrimination claim is therefore futile, but finds that the Plaintiff has sufficiently pled a hostile work environment claim under state law against the Defendant RFSUNY and several of the proposed individual defendants.

### i) As to the Futility of the Plaintiff's NYSHRL Age Discrimination Claim

The Second Circuit has determined that a plaintiff's discrimination claims under the NYSHRL are subject to the burden-shifting analysis applied to discrimination claims under Title VII and the ADEA. See Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010); Brannigan v. Bd. of Educ. of Levittown Union Free Sch. Dist., 18 A.D.3d 787, 796 N.Y.S.2d 690, 692 (N.Y. 2005) ("The elements of an age discrimination claim under the New York State Human Rights Law and the ADEA are essentially the same and courts apply the same standards for analyzing age discrimination claims under both statutes"). To establish a *prima facie* case of age discrimination under the NYSHRL, "a plaintiff must show that, (1) she was within the protected age group, (2) she was qualified for the position, (3) she experienced adverse employment action, and (4) such action occurred under circumstances giving rise to an inference of discrimination." Ehrbar v. Forest Hills Hosp., 131 F. Supp. 3d 5, 21 (E.D.N.Y. 2015) (internal citations and quotations omitted).

At the pleadings stage, a plaintiff does not need to prove discrimination, or even allege facts establishing every element of a *prima facie* case, but the facts alleged must give "plausible support to the reduced requirements" of the *prima facie* case. Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015); Dawson v. N.Y.C. Transit Auth., 624 F. App'x. 763, 765–67 (2d Cir. 2015); Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 71 (2d Cir. 2006). As to the circumstances giving rise to an inference of discrimination, the Second Circuit has said this means that the plaintiff must plausibly allege that her age was the but for cause of the employer's adverse action. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015) (stating that although the pleading standard is more relaxed for Title VII claims alleging discrimination based

on race, color, religion, sex or national origin, a plaintiff alleging age discrimination must allege that age was the but for cause of the adverse action) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177, 129 S. Ct. 2343, 174 L. Ed.2d 119 (2009)); Mikinberg v. Bemis Co., 555 F. App'x. 34, 35 (2d Cir. 2014) (holding that the court "assume[s], without deciding, that the ADEA's but for standard of causation also applies to age discrimination claims brought under the NYSHRL"); Siani v. State Univ. of N.Y. at Farmingdale, 7 F.Supp.3d 304, 321 (E.D.N.Y. 2014) ("[T]he Second Circuit assumed without deciding . . . that [the] but for causation standard applied to the NYHRL also. This Court adopts the same assumption)".

The Plaintiff alleges that she was subjected to discrimination during the period between when she returned to work after her surgery, and when she was terminated. (PAC at ¶¶ 41–47). The Plaintiff was sixty-two years of age during the relevant period. (Pl. Ex. C). Plaintiffs who are eighteen or older are protected against age-based employment discrimination under the NYSHRL. See N.Y. Exec. Law § 296(3–a)(a) (stating that an employer may not "terminate from employment an individual eighteen years of age or older, or . . . discriminate against such individual . . . because of such individual's age"); see also Abdu–Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 467 n. 3 (2d Cir. 2001) ("[T]he employment provisions of the [NYSHRL] apply to all employees over the age of eighteen").

The Plaintiff has sufficiently alleged that she was qualified for the position, as she alleged that she worked in her position for nine years and received reviews rating her no less than good. (PAC at ¶¶ 17, 18).

The Plaintiff alleges that she was terminated by the Defendant, (Id. at ¶ 36), which is an adverse employment action under the NYSHRL. See N.Y. Exec. Law § 296(3–a)(a); see also

Summa v. Hofstra Univ., 708 F.3d 115, 125–26 (2d Cir. 2013) (finding plaintiff's termination constituted adverse employment action under NYSHRL).

However, the Plaintiff fails to allege that her age was a but for cause of her termination. The Plaintiff herself admits that her termination was motivated "at least in part" by her age. (PAC at ¶¶ 94, 103). This is insufficient because the Plaintiff must allege that age was more than a mere motivating factor; the Plaintiff must show that her age was a but for cause. Mikinberg v. Bemis Co., 555 F. App'x. 34, 35 (2d Cir. 2014) ("[A]ssuming, without deciding, that the ADEA's 'but for' standard of causation also applies to age discrimination claims brought under the NYSHRL"); Powell v. Delta Airlines, 145 F.Supp3d 189 (E.D.N.Y. 2015) (applying the but for cause standard to an NYSHRL discrimination claim); Ehrbar, 131 F.Supp.3d at 20, n. 18 (same); Siani, 7 F.Supp.3d at 321 (same).

The Plaintiff has attempted to raise an inference of discrimination based on disparate treatment: she was prevented from using the Keurig and the freight elevator; and then she was fired, while co-workers were not. However, it is unclear whether any of these co-workers fall inside the protected class. See Littlejohn, 795 F.3d at 312 ("An inference of discrimination can arise from circumstances including . . . more favorable treatment of employees not in the protected group"). The Plaintiff does not allege whether employees treated similarly were similar to her. See Mandell v. Cty. of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself). The Plaintiff has not alleged that she was fired or that she was treated differently because of her age. Vega, 801 F.3d at 88. Even if the Court liberally construes the PAC to allege that she was fired because of her age, it does not contain any facts that

would support a plausible inference of such discrimination. Likewise, the Plaintiff alleged no facts to suggest that her age was a "but for" cause of her termination.

Therefore, the Court denies the Plaintiff's motion to amend her complaint to add a claim of age discrimination under the NYSHRL because it would be futile.

### ii) As to the futility of Plaintiff's NYSHRL Hostile Work Environment Claim

To establish a hostile work environment claim under the NYSHRL, a plaintiff must show that her workplace was "permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993) (quotation marks and citations omitted); Patterson v. County of Oneida, 375 F.3d 206, 227 (2d Cir. 2004); see also Kumaga v. New York City School Constr. Auth., 27 Misc.3d 1207(A), 2010 WL 1444513, at *8 (N.Y. Sup. Ct. Apr. 2, 2010) (NYSHRL); Forrest v. Jewish Guild for Blind, 3 N.Y.3d 295, 305, 310–11, 786 N.Y.S.2d 382, 819 N.E.2d 998, (N.Y. 2004) (applying the standard for New York state law claim of hostile work environment).

Courts must look at the totality of the circumstances to determine whether an environment is "hostile" or "abusive" and should consider: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's "work performance." Harris, 510 U.S. at 23.

The Plaintiff must demonstrate that the conduct at issue created an environment that is both objectively and subjectively hostile. Richardson v. N.Y. State Dep't of Corr. Serv., 180 F.3d 426,

436 (2d Cir. 1999); White v. Fuji Photo Film USA, Inc., 434 F.Supp.2d 144, 154–155 (S.D.N.Y. 2006). Therefore, the Plaintiff must allege not only that she found the environment offensive, but that a reasonable person also would have found the environment to be hostile or abusive. Harris, 510 U.S. at 21–22.

Even when a plaintiff establishes that she was exposed to an objectively and subjectively hostile work environment, "she will not have a claim . . . unless she can also demonstrate that the hostile work environment was caused by animus towards her as a result of her membership in a protected class." Sullivan v. Newburgh Enlarged Sch. Dist. Clarence Cooper, 281 F.Supp.2d 689, 704 (S.D.N.Y. 2003); see also Fordham v. Islip Union Free Sch. Dist., 662 F.Supp. 2d 261, 273 (E.D.N.Y. 2009) (stating that incidents comprising a hostile work environment claim must occur under circumstances where the "incidents can reasonably be interpreted as having taken place on the basis of that trait or condition").

However, a plaintiff need not prove all of this at the pleading stage. "Specifically, for a 12(b)(6) motion, a 'plaintiff need only plead facts sufficient to support the conclusion that she was faced with 'harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.' " Buckley v. N.Y., 959 F. Supp. 2d 282, 300 (E.D.N.Y. 2013) (Spatt, J.) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)).

Although the Second Circuit has held that age provides a basis for a hostile work environment claim, Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 241 (2d Cir. 2007), it has not decided whether disability does. See Robinson v. Dibble, 613 F. App'x. 9, 13 n. 2 (2d Cir. 2015) (summary order) (stating that although the Second Circuit has not decided whether a disability hostile work environment claim is cognizable, it will assume that it is) Giambattista v. Am. Airlines, Inc., 584 F. App'x. 23, 25 n. 1 (2d Cir. 2014) (summary order) (same); hostile

Wesley-Dickson v. Warwick Valley Cent. Sch. Dist., 973 F. Supp. 2d 386, 405 (S.D.N.Y. 2013), aff'd, 586 F. App'x 739 (2d Cir. 2014) (assuming that disability is a cognizable class upon which to base a hostile work environment claim). For the purposes of the instant motion, the Court will accept the guidance of the Second Circuit and assume that disability is a cognizable class upon which to base a hostile work environment claim.

In this case, the Plaintiff alleges that Yamond, Routh, Traub, Green, Curry and Pereira prohibited her from recovering personal items after she was terminated; (PAC at ¶ 40); that Green removed the Plaintiff's personal items from her desk when she was terminated; (Id.); that Traub would prevent the Plaintiff from making coffee and would take late cigarette breaks to prevent the Plaintiff from leaving work; (Id. at ¶ 41); that Traub, Routh, Curry, and Pereira would make disparaging comments about the Plaintiff's use of the handicapped bathroom and the duration of its use; (Id. at ¶ 42); and that Traub, Routh, Curry and Pereira made fun of her for using a cane and for using the freight elevator.  (Id. at ¶¶ 43, 44).

Although some of the allegations are innocuous, the comments about the Plaintiff's use of a handicapped bathroom, cane and freight elevator plausibly support the allegation that the Plaintiff faced harassment that altered her employment. Accepting the allegations in the PAC as true, and reading the complaint liberally to find that the Plaintiff utilized those instrumentalities because of her disability and age, it is plausible that a reasonable person would have found the environment for a disabled person and/or an elder person to be hostile.  Since these proposed individual defendants committed the acts themselves, they can be held liable under the NYSHRL. N.Y. EXEC. LAW § 296(6); Feingold v. New York, 366 F.3d 138, 157–58 (2d Cir. 2004). Therefore, the Plaintiff's motion to amend her complaint to add Traub, Routh, Curry and Pereira as party defendants and to allege a hostile work environment claim under NYSHRL is not futile.

However, the Court finds insufficient facts to support the Plaintiff's allegation that Yamond, Blandi or Green contributed to this hostile work environment.

Furthermore, since Routh was the Plaintiff's direct supervisor, and the harassment allegedly culminated in her termination, the Court finds that the claim against RFSUNY is also not futile. See Giambattista v. Am. Airlines, Inc., 5 F. Supp. 3d 284, 295 (E.D.N.Y.), aff'd, 584 F. App'x. 23 (2d Cir. 2014) (Spatt, J.) ("an employer may be presumed responsible where the alleged harasser is the plaintiff's supervisor and the harassment culminated in some tangible employment action").

Accordingly, the Plaintiff's motion to amend her complaint to add a hostile work environment claim under NYSHRL against the Defendant RFSUNY as well as against proposed additional defendants Traub, Routh, Curry and Pereira is granted. The motion to add proposed additional defendants Yamond, Blandi and Green is denied as futile.

## III. CONCLUSION

Based on the foregoing, the Plaintiff's motion to amend is granted in part and denied in part. It is granted to the extent that the Plaintiff is permitted to amend her complaint to add causes of action against the Defendant RFSUNY for interference under the FMLA and a hostile work environment under the NYSHRL; the Plaintiff is also permitted to add additional party defendants Traub, Routh, Curry and Pereira and allege that they violated the NYSHRL by creating a hostile work environment. It is denied to the extent that the FMLA discrimination claim, the Title VII claims, ADEA claim, and the addition of Yamond, Blandi and Green as party defendants would all be futile.

This case is respectfully referred to Magistrate Judge Steven I. Locke for the remainder of discovery.

It is SO ORDERED.

Dated:  Central Islip, NY

October 20, 2016

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge